## APPEAL OF FIRST NATIONAL BANK OF GOODLAND, KANSAS.

Docket No. 1280.   Promulgated January 25, 1927.

1. Loss on account of unextinguished cost of discarded parts of a reconstructed building determined and allowed.

2. Loss on account of unextinguished cost of discarded furniture disallowed.

*H. L. Washington, Esq.*, for the petitioner.
*Robert A. Littleton, Esq.*, for the Commissioner.

The Commissioner has determined a deficiency in income and profits taxes for the year 1921 in the amount of $325.42. The deficiency arises from the disallowance of a deduction of $5,021.35 claimed on account of a loss sustained by the petitioner in rebuilding and refurnishing its place of business, $2,000 for rebuilding, and $3,021.35 for refurnishing.

### FINDINGS OF FACT.

The petitioner is a national banking corporation with its principal office at Goodland, Kans. In 1901 it purchased a brick building which it used as its place of business continuously until some time in 1921. The parties agree that the cost and capital addition to the building amounted to $6,833.14; that it had a remaining useful life of 50 years; and that its unextinguished cost at December 31, 1920, was $4,382.40.

The petitioner remodeled and reconstructed its building in 1921, taking off the roof and tearing down and removing practically all of three of the walls. Only an inside or party wall was left standing. The building was changed from a two-story to a one-story structure. The reconstruction was for the purpose of securing better office room in which to conduct the banking business of the petitioner.

In its income and profits-tax return for 1921, the petitioner deducted the amount of $2,000 from its gross income on account of unextinguished cost of the building at the date of reconstruction, and the amount of $3,021.35 on account of the unextinguished cost of furniture discarded in that year. These deductions were disallowed by the Commissioner.

### OPINION.

LANSDON: The proof of the cost of the building, the nature of its construction, and the date of acquisition is conclusive. The Commissioner has allowed exhaustion, wear and tear at the rate of 2 per cent on the cost in 1901, and the petitioner agrees that such rate is reasonable. We are convinced that the unextinguished cost of the building at December 31, 1920, was not less than $4,382.40, and that the salvage value of that part of such building utilized in the new structure was not more than $1,000. We are of the opinion, therefore, that the petitioner is entitled to deduct the amount of $3,842.40 from its gross income for the taxable year on account of loss sustained in the partial demolition and reconstruction of its building. *Appeal of First National Bank of Evanston,* 1 B. T. A. 9; *Appeal of Steinbach Co.,* 3 B. T. A. 348.

The petitioner failed to prove the cost, the value at March 1, 1913, or the salvage value of the furniture and fixtures discarded in 1921. On this point the determination of the Commissioner is approved.

*Judgment will be entered on 10 days' notice, under Rule 50.*